# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILOU OWER, individually and on behalf of other members of the general public similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>OMNI FAMILY HEALTH,<br><br>    Defendant. | Case No.: 1:19-cv-01061 JLT<br><br>SCHEDULING ORDER (Fed. R. Civ. P. 16)<br><br>Pleading Amendment Deadline: 4/30/2020<br><br>Class Discovery Deadlines:<br>    Initial Disclosures: 11/15/2019<br>    Non-Expert: 10/30/2020<br>    Expert: 6/26/2020<br><br>Class Certification Motion Deadlines:<br>    Filing: 7/31/2020<br>    Opposition: 9/25/2020<br>    Reply brief: 10/30/2020<br>    Hearing: 11/23/2020 at 9:30 a.m. |

**I.**     **Date of Scheduling Conference:**

October 28, 2019.

**II.**     **Appearances of Counsel**

Shunt Tatavos Gharajeh and Areen Babajanian appeared on behalf of Plaintiff.

T. Scott Belden and Jazmine Flores appeared on behalf of Defendant.

**III.**     **Pleading Amendment Deadline**

Any requested pleading amendments are ordered to be filed, either through a stipulation or motion to amend, no later than **April 30, 2020.**

1

## IV. Fictitiously-Named Defendants

All claims as to "Doe" Defendants, including any counterclaims and cross-claims, are hereby **DISMISSED**.

## V. Discovery Plan and Cut-Off Date

The parties are ordered to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **November 15, 2019**.

Discovery is now open for all non-expert discovery pertaining to the class certification motion and to the merits, to the extent it overlaps with the class issues. All non-expert discovery related to the motion for class certification **SHALL** be completed later than **October 30, 2020**. Both sides may conduct discovery as to the evidence relied upon in support of the motion and in opposition to the motion for class certification.

All discovery pertaining to experts **SHALL** be completed on or before **June 26, 2020**. The parties are directed to disclose all expert witnesses, in writing, on or before **April 30, 2020**, and to disclose all rebuttal experts on or before **May 28, 2020**. The written designation of retained and non-retained experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A), (B), and (C) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

## VI. Pre-Trial Motion Schedule

All non-dispositive pre-trial motions, including any discovery motions, shall be filed no later

than **November 6, 2020**, and heard on or before **December 4, 2020**.[1]

**No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend.** Likewise, no written discovery motions shall be filed without the prior approval of the assigned Magistrate Judge.

A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, the moving party promptly shall seek a telephonic hearing with all involved parties and the Magistrate Judge. It shall be the obligation of the moving party to arrange and originate the conference call to the court. To schedule this telephonic hearing, the parties are ordered to contact the Courtroom Deputy Clerk, Susan Hall, at (661) 326-6620 or via email at SHall@caed.uscourts.gov. **Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from the Court's calendar.**

Counsel may appear and argue non-dispositive motions via teleconference by dialing (888) 557-8511 and entering Access Code 1652736, provided the Courtroom Deputy Clerk receives a written notice of the intent to appear telephonically no later than five court days before the noticed hearing date.

**VII.     Motions for Summary Judgment or Summary Adjudication**

**At least 21 days before** filing a motion for summary judgment or motion for summary adjudication, the parties are **ORDERED** to meet, in person or by telephone, to confer about the issues to be raised in the motion.

The purpose of the meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a motion; and 6) to develop a joint statement of undisputed facts.

The moving party **SHALL** initiate the meeting and **SHALL** provide a complete, proposed

---

[1] Non-dispositive motions related to non-expert discovery **SHALL** be filed within a reasonable time of discovery of the dispute, but in no event later than 30 days after the expiration of the non-expert discovery deadline.

3

statement of undisputed facts **at least five days before** the conference. The finalized joint statement of undisputed facts **SHALL** include all facts that the parties agree, for purposes of the motion, may be deemed true. In addition to the requirements of Local Rule 260, the moving party shall file the joint statement of undisputed facts.

In the notice of motion, the moving party **SHALL** certify that the parties met and conferred as ordered above or set forth a statement of good cause for the failure to meet and confer. **Failure to comply may result in the motion being stricken.**

### VIII. Motion for Class Certification

The motion for class certification **SHALL** be filed no later than **July 31, 2020**. Opposition to the motion **SHALL** be filed no later than **September 25, 2020**. During the interval between the filing of the motion and the deadline for the opposition, the defendant may conduct discovery as to the evidence relied upon by the plaintiff for the motion for class certification.

Neither the motion nor the opposition **SHALL** exceed 30 pages, exclusive of evidence and evidentiary objections, unless leave is granted by the Court prior to the filing. Any reply **SHALL** be filed no later than **October 30, 2020,** and shall not exceed 15 pages, exclusive of evidentiary objections. During the interval between the filing of the opposition and the deadline for the reply, the plaintiff may conduct discovery as to the evidence relied upon by defendant for the opposition to the motion for class certification.

Any objections to the evidence **SHALL** be filed at the same time as the opposition (for Defendant) and the reply (for Plaintiff).[2] A hard-copy, courtesy copy of all filings related to the class motion **SHALL** be sent via overnight mail to the Chambers of Judge Thurston at the same time the filing is submitted. The evidence in the hard copy **SHALL** be numbered, tabbed and indexed.

The hearing on the motion for class certification is set on **November 23, 2020**, at 9:30 a.m., located at the United States Courthouse, 510 19th Street, Bakersfield, CA.

### IX. Settlement Conference

The parties may file a joint written request for a settlement conference if they believe the action is in a settlement posture and a conference with the Court would be fruitful. The parties shall include

---

[2] The Court will not entertain motions to strike evidence. If the Court sustains an objection to a piece of evidence, the Court will not consider it in evaluating the motion.

proposed dates for the conference in the request. Alternatively, the parties may file a joint written request for referral to the Court's Voluntary Dispute Resolution Program.

### X. Compliance with Federal Procedure

All counsel **SHALL** familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load, and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

### XI. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

**Failure to comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated: __October 28, 2019__  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE